# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| JEANINE STEPHENS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 14 C 1528 |
| | ) |
| NAVIENT SOLUTIONS INC., | ) Judge Rebecca R. Pallmeyer |
| f/k/a Sallie Mae, Inc., | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM OPINION AND ORDER

Plaintiff Jeanine Stephens filed a *pro se* state court complaint against a loan servicer, Navient Solutions, Inc., for attempting to enforce a loan that Stephens claim was was a product of allegedly mishandling an identity theft. Stephens had taken out a student loan from Sallie Mae, Inc. (Navient's predecessor) while she was a student from 1999–2001. She asserts that her loan was paid off in full by 2004. Navient, however, asserts that Stephens took out two other loans in 2004: tuition loans for $25,000 and $5,000. Stephens denies taking out these two loans, but Navient declared a default on both of them in 2009 and reported negative information to the credit bureaus. Stephens filed her complaint against Navient in 2014, asserting that Navient defamed her, enabled identity theft, and reported false information to credit bureaus. Navient removed the case to this court.

Counsel has agreed to represent Stephens and, on her behalf, filed an amended containing a single count of negligence. The parties conducted discovery and Navient filed a motion for summary judgment, arguing that there is no evidence of identity theft and that Stephens acknowledged the legitimacy of the loans in two bankruptcy proceedings. Before ruling on the motion, the court requested briefs from the parties to determine whether it had subject matter jurisdiction. For the reasons below, this matter is remanded to the state court.

**BACKGROUND**

Plaintiff Jeanine Stephens alleges Defendant Navient Solutions, Inc. (formerly Sallie Mae, Inc.), has erroneously attributed student loans to her that she did not negotiate, and subsequently reported those loans as unpaid to credit reporting agencies. Stephens filed a state court complaint *pro se* in February, 2014 alleging the following (quoted verbatim):

- Defamation – failure to correct information after provided with proof.
- Willful enablement of identity theft. Failed to validate accounts that were believed to be obtained through identity theft.
- Reaging accounts.
- Validating fradulent [sic] accounts as accurate with credit bureau.
- I have been unable to obtain credit, jobs and pay extremely high interest due to their willful neglect.

(Compl., Ex. 1 to Notice of Removal [1-1]). She sought $3,000 in damages. (*Id.*) Navient timely removed the case and filed a motion for a more definite statement of Stephens' claims [7]. Through counsel, Stephens filed an amended complaint (Am. Compl., Ex. to Mot. to Amend [13]), in which she alleges that Navient had a duty to "exercise reasonable and ordinary care in the servicing of loans, recordkeeping and related functions" (*id.* at ¶ 9), but it breached that duty when it "repeatedly placed student loans on Plaintiff's account, making it appear that Plaintiff had taken out unpaid student loans; . . . reported loans as being unpaid by Plaintiff; . . . [and] repeatedly placed new loans . . . under Plaintiff's Sallie Mae account number." (*Id.* at ¶ 10.) Stephens averred damages to her credit, mental state, and employment opportunities proximately caused by Navient's "negligent acts." (*Id.* at ¶ 11.) The amended complaint demanded $60,000 in compensatory damages, attorneys' fees, and other appropriate relief. (*Id.*, Prayer for Relief.) After Navient filed its answer [26] and the parties conducted discovery, Navient filed a motion for summary judgment [33].

In reviewing the motion, the court noted a concern about its jurisdiction, and asked the parties to submit supplemental briefs on the issue. Order, Sept. 29, 2015 [44]. Each party submitted a memorandum of law, and the parties agree that the court has jurisdiction on the

bases of an underlying federal question, 28 U.S.C. § 1331, and diversity, 28 U.S.C. § 1332. Pl.'s Mem. with Regard to Ct.'s Jurisdiction Under 28 U.S.C. 1331 and 1332 [45] [hereinafter Pl.'s Br.]; Navient Solutions Inc.'s Mem. Regarding Jurisdiction [46] [hereinafter Def.'s Br.].

Despite that agreement, it is the court's responsibility to hear only those cases over which it has jurisdiction. *Hukic v. Aurora Loan Servs.*, 588 F.3d 420, 427 (7th Cir. 2009). The court concludes that there is no substantial federal question posed by Stephens' allegations in her amended complaint. Further, though the parties are diverse in citizenship, the amount in controversy requirement is not satisfied. Therefore, the matter is remanded to state court.

## DISCUSSION

### I. Federal question jurisdiction

Federal district courts have jurisdiction "of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Except as otherwise expressly provided by law, any civil case may be removed to the appropriate district court if the district court would have had original jurisdiction over the matter. 28 U.S.C. § 1441(a). Whether removal was proper is determined by "looking at the complaint *as it existed at the time the petition for removal was filed.*" *Gossmeyer v. McDonald*, 128 F.3d 481, 487 (7th Cir. 1997) (emphasis in original). Allegations in the complaint are taken as true for the purposes of a jurisdictional inquiry. *Scanlan v. Eisenberg*, 669 F.3d 838, 841 (7th Cir. 2012).

Navient removed the case because Stephens' claims appeared to arise under the laws of the United States (Notice of Removal ¶ 2), or at least presented a substantial federal question. (*Id.* at ¶¶ 4–5.) Stephens did not object to this interpretation of her claims, including after she had the benefit of counsel. The court agrees with the parties that the original complaint may fairly be construed as presenting causes of action under the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681, *et seq.* In order to provide Stephens' complaint with the liberal interpretation due to it as a *pro se* request for relief, the court must interpret it to include the most viable legal claims that the facts alleged can support. *See Norfleet v. Walker*,

3

684 F.3d 688, 690 (7th Cir. 2012). Here, at least one of the allegations – that Navient "failed to validate accounts that were believed to be obtained through identity theft" – is most defensibly a claim under 15 U.S.C. § 1681s-2(b). Accordingly, removal was proper.

Stephens' amended complaint presents a different picture. The parties argue that a substantial question of federal law nevertheless remains, but the court is less certain. True, even where federal law does not create a cause of action, there is a "special and small category" of cases where a federal question looms large enough in a state law claim to confer subject matter jurisdiction. *Empire Healthchoice Assurance, Inc. v. McVeigh*, 547 U.S. 677, 699 (2006). A state law claim poses a federal question where the "federal issue is: (1) necessarily raised, (2) actually disputed, (3) substantial, and (4) capable of resolution in federal court without disrupting the federal-state balance approved by Congress." *Gunn v. Minton*, 133 S. Ct. 1059, 1065 (2013). Federal question jurisdiction will lie where the case particularly "turns" on the resolution of a federal question of law. *See Evergreen Square of Cudahy v. Wisconsin Hous. & Econ. Dev. Auth.*, 776 F.3d 463, 467 (7th Cir. 2015); *see also Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg.*, 545 U.S. 308, 314–15 (2005) ("[T]he meaning of the federal statute is actually in dispute; it appears to be the only legal or factual issue contested in the case."). On the other hand, where resolution of the matter is "fact-bound and situation-specific," the case is best left to the state court. *Empire Healthchoice*, 547 U.S. at 701. For that reason, the fact "[t]hat some standards of care used in tort litigation come from federal law does not make a tort claim one 'arising under' federal law." *Bennett v. Sw. Airlines Co.*, 484 F.3d 907, 912 (7th Cir. 2007); *see also Gunn*, 133 S. Ct. at 1066–68 (finding that legal malpractice claim, though it would create a "case within a case" that relied on federal patent law, did not state a substantial federal question).

The amended complaint, like the original one, does not reference any federal law on its face. The duty that Stephens claims that Navient owed her is "reasonable and ordinary care in the servicing of loans, recordkeeping and related functions." (Am. Compl. ¶ 9.) Navient

4

purportedly breached that duty by erroneously holding Stephens responsible for student loans and reporting those loans to credit bureaus as unpaid. (*Id.* at ¶ 10.) Stephens requests only damages provided by Illinois common law, and does not expressly seek any statutory remedy or punitive damages. (*Id.,* Prayer for Relief.)

Both parties believe that this version of the complaint implicates a sufficiently substantial federal issue. Stephens asserts that the allegations fall under the purview of the FCRA. (Pl.'s Br. 1.) Navient agrees that "the entire cause of action" is primarily based on improper reporting, which is governed by the FCRA (Def.'s Br. 2,) but acknowledges that the amended complaint limits Stephens' claims to negligence. (*See* Def.'s Br. 3.)

As the court understands things, the parties argue that Stephens' allegations are "governed by" or "within the purview of" the FCRA, meaning that Stephens' claim rests on the FCRA as the relevant standard of care; that is, Stephens effectively alleges negligence *per se*. Whatever merit this argument may have, it is difficult to divine this theory from the amended complaint. Again, the complaint references no duty other than "reasonable and ordinary care." (Am. Compl. ¶ 9.) Further, Stephens does not mention the FCRA or the existence of any federal law in her allegations that Navient breached that duty. (*Id.* at ¶ 10.) Given that the FCRA was the basis of the removal (Notice of Removal ¶ 5), and that Stephens had the benefit of counsel at the time that the amended complaint was filed, the court is not inclined to read the FCRA into the complaint where it is not mentioned.

Notably, if the FCRA provides the relevant standard of care as the parties insist, Stephens' claim would be preempted by 15 U.S.C. § 1681t(b)(1)(F), requiring that it be dismissed with prejudice *Purcell v. Bank of America*, 659 F.3d 622, 626 (7th Cir. 2011) (disposition of preempted state law claims under FCRA is dismissal with prejudice). This defect is not raised in either party's brief, but the court notes it because federal question jurisdiction cannot be based on insubstantial claims. "When the federal theories are insubstantial in the sense that 'prior decisions inescapably render the claims frivolous', there is no federal

5

jurisdiction." *Avila v. Pappas*, 591 F.3d 552, 553 (7th Cir. 2010) (quoting *Hagans v. Lavine*, 415 U.S. 528, 538 (1974)). The duty alleged by Stephens, if governed by the FCRA, would arise from 15 U.S.C. § 1681s-2 ("Responsibilities of furnishers of information to credit reporting agencies.") This section expressly preempts state laws. 15 U.S.C. § 1681t(b)(1)(F) ("No requirement or prohibition may be imposed under the laws of any State . . . with respect to any subject matter regulated under . . . section 1681s-2 of this title, relating to the responsibilities of persons who furnish information to consumer reporting agencies . . . ."). The preemption extends to common-law claims. *Purcell*, 659 F.3d 622 at 624–26 (7th Cir. 2011); *Todd v. Franklin Collection Serv., Inc.*, 694 F.3d 849, 850, 825 (7th Cir. 2012) (per curiam) (negligence claim incorporating reporting requirements of 1681s-2 preempted).[1] Because the negligence claim would be frivolous if it incorporated the FCRA standard of care, the court concludes that interpretation is not a basis for federal question jurisdiction.

## II. Pendent jurisdiction

The court concludes that in her amended complaint, Stephens has effectively withdrawn any claims that could support federal question jurisdiction. In this situation, the court has discretion over whether to exercise supplemental jurisdiction over the remaining state claim, 28 U.S.C. § 1367(a); *RWJ Mgmt. Co. v. BP Prods. N. Am., Inc.,* 672 F.3d 476, 478 (7th Cir. 2012), which plainly arises from the same case or controversy. Where "the federal claims are dismissed before trial, there is a presumption that the court will relinquish jurisdiction over any remaining state law claims." *Dietchweiler v. Lucas*, 827 F.3d 622, 631 (7th Cir. 2016). The presumption may be rebutted if "(1) the statute of limitations has run on the pendent claim, precluding the filing of a separate suit in state court; (2) substantial judicial resources have already been committed, so that sending the case to another court will cause a substantial

---

[1] Plaintiff, in her brief, also states that she was denied the opportunity to dispute information. Pl.'s Br. 1. This allegation no longer appears in the complaint, but if it did, it also would be preempted by 15 U.S.C. § 1681t(b)(1)(F). Defendant's duties when notified of a dispute are governed by 15 U.S.C. § 1681s-2(b), which is expressly preempted by the provision.

duplication of effort; or (3) when it is absolutely clear how the pendent claims can be decided." *Sharp Elecs. Corp. v. Metro. Life Ins. Co.*, 578 F.3d 505, 514–15 (7th Cir. 2009) (quoting *Wright v. Associated Ins. Cos.*, 29 F.3d 1244, 1251 (7th Cir. 1994)) (internal quotation marks omitted).

None of these factors are applicable here. Under Illinois law, the statute of limitations does not run for the time during which this case was pending if it is dismissed for lack of jurisdiction. 735 ILCS 5/13-217 ("[If] the action is dismissed by a United States District Court for lack of jurisdiction, . . . then, whether or not the time limitation for bringing such action expires during the pendency of such action, the plaintiff . . . may commence a new action [in state court] within one year or within the remaining period of limitation, whichever is greater . . . ."). This court has primarily overseen discovery, and has not ruled on any substantive motions. *Cf. RWJ Mgmt. Co.*, 672 F.3d at 480–81 (despite fact that district court "held 35 hearings, issued 45 orders, and considered 70 motions," only one was substantive and remand was not inappropriate).

Finally, Stephens' claim is of uncertain merit but its disposition is not absolutely clear. It is not clear whether there is any duty, under state law, to "exercise reasonable and ordinary care in the servicing of loans, recordkeeping and related functions." (Am. Compl. ¶ 9.) If there is such a duty, a claim that it has been breached may well be preempted by 15 U.S.C. §1681t(b)(1)(F), but the court is not prepared to dispose of it substantively on grounds that are not raised by either party in the jurisdictional memos or their summary judgment briefs. Navient does note that Stephens did not identify the basis for the alleged duty to support the negligence claim. (Def.'s Mem. Law in. Supp. Summ. J [34], 7.) Stephens did not respond to this argument in her brief. (Pl.'s Mem. of Law Opp. Def's Mot. Summ. J. [41].) This court, like its colleagues, has tried and failed to find applicable "cases applying Illinois law which recognize (or refute) the existence of a general duty of care between lenders and borrowers." *LaSalle Bank Nat'l Assoc v. Paramont Props.*, 588 F. Supp. 2d 840, 852 (N.D. Ill. 2008); *see also Gaudie v.*

*Countrywide Home Loans, Inc.*, 683 F. Supp. 2d 750, 761 (N.D. Ill. 2010) (finding allegation of duty sufficient to survive motion to dismiss stage); *cf. Voyles v. Sandia Mortg. Corp.*, 196 Ill.2d 288, 291, 297, 751 N.E.2d 1126, 1134 (2001) (no comment on award of $10,000 for negligently reporting loan status to credit agencies); *Stinson v. Physicians Immediate Care, Ltd.*, 269 Ill. App. 3d 659, 664, 646 N.E.2d 930, 934 (2d Dist. 1995) ("Credit-reporting agencies have long been held to the exercise of due care in securing and distributing information concerning the financial standing of individuals, firms and corporations.") (quoting *Doe v. SmithKline Beecham Corp.*, 855 S.W.2d 248, 256 (Tex. App. 1993)). Given the dearth of authority, resolution of the claim is not so clear that the court should exercise pendent jurisdiction over it.

### III.    Diversity Jurisdiction

The federal courts have subject matter jurisdiction over civil actions between citizens of different states provided the amount in controversy exceeds $75,000. 28 U.S.C. § 1332. Again, both parties urge that the court has diversity jurisdiction, but again the court disagrees. Though the parties are diverse, the court is not satisfied that Stephens has stated a claim for more than $75,000.

For purposes of determining the amount in controversy, the demand in the complaint is persuasive. "When the complaint includes a number, it controls unless recovering that amount would be legally impossible." *Rising-Moore v. Red Roof Inns, Inc.*, 435 F.3d 813, 815 (7th Cir. 2006). The amount in controversy is generally determined on the day the suit was removed. *Oshana v. Coca-Cola Co.*, 472 F.3d 506, 510–11 (7th Cir. 2006). Some case law suggests that courts may not consider an amended complaint in determining the amount in controversy, *see Tropp v. W.-S. Life Ins. Co.*, 381 F.3d 591, 595 (7th Cir. 2004) (holding that "original complaint, filed at the time of removal (not the subsequent amended complaint), is considered for jurisdictional purposes"), but "events subsequent to removal may clarify what the plaintiff was actually seeking when the case was removed." *Carroll v. Stryker Corp.*, 658 F.3d 675, 681 (7th Cir. 2011) (citation omitted).

This court need not resolve this issue, because the amount in controversy is not met under either of Stephens' complaints. Stephens' *pro se* complaint in state court demanded only $3,000, well below the jurisdictional threshold. (Compl.) The amended complaint demands $60,000 in compensatory damages, still below the jurisdictional threshold. (Am. Compl., Prayer for Relief ¶ (a).) The parties offer two theories to bridge the $15,000 gap. Stephens argues that the amount in controversy is satisfied by a forthcoming claim for punitive damages. (Pl.'s Br. 2.) Navient asserts that the attorneys' fees demanded by Stephens (Am. Compl., Prayer for Relief ¶ (b)), will exceed the threshold because the case has been pending for some time. (Def.'s Br. 3.) Neither punitive damages nor attorneys' fees can be included to meet the amount in controversy, however.

Punitive damages may be included to satisfy the amount in controversy only where the underlying claim provides for them. *Oshana,* 472 F.3d at 512. Thus, the court must conduct a two-part inquiry: first, "whether punitive damages are recoverable as a matter of state law," *Cadek v. Great Lakes Dragaway, Inc.*, 58 F.3d 1209, 1212 (7th Cir. 1995); and if so, the court "has subject matter jurisdiction unless it is clear 'beyond a legal certainty that the plaintiff would under no circumstances be entitled to recover the jurisdictional amount.'" *Id.* (quoting *Risse v. Woodard*, 491 F.2d 1170, 1173 (7th Cir. 1974)); *see also Normand v. Orkin Exterminating Co.*, 193 F.3d 908, 910–11 (7th Cir. 1999). The allegations in the complaint must be sufficient to state a claim for punitive damages under Illinois law, *Anthony v. Sec. Pac. Fin. Servs., Inc.*, 75 F.3d 311, 316–17 (7th Cir. 1996), however, applying federal pleading standards, *Windy City Metal Fabricators & Supply, Inc. v. CIT Tech. Fin. Servs., Inc.*, 536 F.3d 663, 671–72 (7th Cir. 2008).

Under Illinois law, punitive damages may be awarded only "when 'torts are committed with fraud, actual malice . . . or when the defendant acts willfully, or with such gross negligence as to indicate a wanton disregard of the rights of others.'" *Kapelanski v. Johnson*, 390 F.3d 525, 534 (7th Cir. 2014) (quoting *Cirrincione v. Johnson*, 184 Ill.2d 109, 115–16, 703 N.E.2d 67, 70

(1998)). The culpability required is "an element of outrage similar to that normally found in crime." *Johnston v. Anchor Org. for Health Maint.*, 250 Ill. App. 3d 393, 397–98, 621 N.E.2d 137, 141 (1st Dist. 1993). A colorable claim for punitive damages requires more than merely pleading intent, *Anthony*, 75 F.3d at 316, or that the defendant "knew or should have known" that it was breaching its duty, *Worthem v. Gillette*, 774 F.Supp. 514, 517 (N.D. Ill. 1991); *see Anthony*, 75 F.3d at 316; *see also Easley v. Apollo Detective Agency, Inc.*, 69 Ill. App. 3d 920, 931, 387 N.E.2d 1241, 1248 (1st Dist. 1979) ("wilful and wanton" distinct category of intent from "knew, or should have known").

Even under the more generous federal pleading standard, in order for punitive damages to be construed as part of the amount in controversy, the complaint must make allegations that could sustain the high level of intent required for such an award. In *Cadek,* a drag strip racer alleged various negligence and intentional torts against the proprietors of a race track for misrepresenting the track's fire-fighting capabilities by displaying an inoperable fire truck by the track. 58 F.3d at 1210–11. The proprietors moved to dismiss the action for failure to meet the amount in controversy requirement, and the district court agreed. *Id.* at 1211. The plaintiff had demanded only $45,000 in compensatory damages, *id.* at 1211, but the Seventh Circuit, in reversing the dismissal, held that the plaintiff had met the amount in controversy requirement because he had "expressly alleged" the necessary elements under Wisconsin law for punitive damages, and pleaded facts that would substantiate the claim for such damages—particularly, that the track egregiously misrepresented its ability to fight fires when it displayed a fire truck that was equipped with nothing more than a garden hose, *id.* at 1213 (Flaum, J., concurring). In *Normand*, a homeowner sued Orkin for falsely assuring her that the termites in her home had been successfully exterminated. 193 F.3d at 910–11. The Seventh Circuit *sua sponte* examined the basis for federal jurisdiction. *Id.* at 910. Though the plaintiff did not expressly request punitive damages in the complaint, she did allege that Orkin *knew* that the home was infested but lied to her to avoid honoring its service guarantee. *Id.* at 910–11. The facts alleged

could substantiate a finding of maliciousness or willfulness, and the court accordingly held that punitive damages could be included in determining the amount in controversy. *Id.* at 911.

In contrast, *Anthony* deals with a situation where a plaintiff did not allege sufficient facts to substantiate a punitive damages demand. The plaintiff had settled a case with a bank, and was attempting to enforce that settlement against the bank's successor in interest. 75 F.3d at 313. The successor bank had destroyed certain relevant documents pursuant to its existing document retention guidelines. *Id.* at 314. Though the plaintiff claimed that the defendant acted knowingly and committed an intentional tort, he did not "allege an aggravated or egregious form of tort . . . ." *Id.* at 316. The Seventh Circuit found that the pleadings were insufficient to state a punitive damages claim under Illinois law. *Id.*

The court concludes that Stephens' complaint does not state a claim for punitive damages under these standards. First, the complaint does not explicitly request punitive damages, and there is no barrier to doing so in a federal forum. [2] Under *Normand*, of course, this is not fatal. However, the pleading standard still requires allegations sufficient to support an inference of the higher level of intent necessary for an award of punitive damages, which the complaint does not include. Stephens' amended complaint alleges only that Navient knew that loan servicing was important to borrowers (Am. Compl. at ¶ 9), and that it *negligently* failed to appropriately service Stephens' account by placing loans in her name and reporting them as unpaid. (*Id.* at ¶ 10–11.) The complaint contains no facts that would allow this court to conclude that Navient's actions were willful, malicious, or outrageous; indeed, taking all facts as true, the court cannot even find that Navient knowingly placed false loans in Stephens' name. Accordingly, punitive damages cannot be included in determining whether the amount in controversy requirement has been met.

---

[2] The Illinois Code of Civil Procedure prohibits a plaintiff from pleading punitive damages in a negligence action. 735 ILCS § 5/2–604.1. That rule is procedural, however, and would not be applied by this court sitting in diversity jurisdiction. *See Probasco v. Ford Motor Co.*, 182 F. Supp. 2d 701, 705 (C.D. Ill. 2002) (finding § 5/2–604.1 is procedural); *Worthem*, 774 F.Supp. at 516–17 (N.D. Ill. 1991) (collecting cases).

Nor may attorneys' fees be included in determining the amount in controversy. Pre-filing attorneys' fees may be included in reaching the amount in controversy where fee-shifting is provided by the underlying claim. *Hart v. Schering-Plough Corp.*, 253 F.3d 272, 274 (7th Cir. 2001). Post-filing attorneys' fees, the primary subject of Navient's argument, are not considered. *Id.* In Illinois, common law claims do not provide for attorneys' fees. *Sandholm v. Kuecker*, 2012 IL 111443, ¶ 64, 962 N.E.2d 418, 435. Fees may be considered in determining a punitive damage award, *Glass v. Burkett*, 64 Ill. App. 3d 676, 683–84, 381 N.E.2d 821, 826–27 (5th Dist. 1978), but Stephens has not stated a claim for punitive damages, *supra.* It is furthermore unlikely that Stephens, proceeding *pro se* in the state court, had compensable attorneys' fees at all, *cf. Kay v. Ehrler*, 499 U.S. 432, 435 (1991) (denying attorneys' fees to *pro se* litigants), much less an amount that would bridge the $15,000 gap between her demand and the amount in controversy requirement. Therefore, there is no evidence before the court that could support a finding that the amount in controversy has been met.

## **CONCLUSION**

The court does not have federal question or diversity jurisdiction over the matter before it, and declines to exercise supplemental jurisdiction over the sole remaining state law claim. The case is ordered remanded to the Circuit Court of Cook County.

ENTER:

Dated: November 16, 2016

_____
REBECCA R. PALLMEYER
United States District Judge